IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

BOARD OF TRUSTEES, )
NATIONAL STABILIZATION AGREEMENT )
OF THE SHEET METAL INDUSTRY )
TRUST FUND, et al., )
 )
        Plaintiffs, )
 )
    v. )  Case No. 1:10-cv-423
 )
COOPER HARPER, INC. - MECHANICAL )
CONTRACTOR, )
 )
        Defendant. )

## MEMORANDUM ORDER

THIS MATTER is before the Court on the January 7, 2011 Report and Recommendation of Magistrate Judge Thomas R. Jones, regarding Plaintiffs Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, et al.'s[1] Motion for Default Judgment against Defendant Cooper Harper, Inc. - Mechanical Contractor ("Cooper Harper"). (Dkt. No. 12.) This case concerns employer Defendant Cooper Harper's failure to pay timely contributions due and owing to the Funds on behalf of its employees

---

[1] Plaintiffs (collectively, the "Funds") are: National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"); Sheet Metal Workers' National Pension Fund ("NPF"); International Training Institute for the Sheet Metal and Air Conditioning Industry (f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry) ("ITT"); Sheet Metal Workers' International Association Scholarship Fund (SMWIASF"); National Energy Management Institute Committee ("NEMIC"); and Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT").

1

for work covered by the Labor Contract performed at Defendant's request for the period of October 2009 through February 2010.

Plaintiffs, the Funds, are all employee benefits plans or trust funds that are administered in offices located in Alexandria, Virginia. Defendant is an Illinois corporation and is also an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7); 1002(5), (11), and (12). Defendant is bound by the collective bargaining agreement ("Labor Contract") that it signed with Local Union 265 of the Sheet Metal Workers' International Association and the terms of the agreements and declarations of trust of the ERISA Funds (severally or jointly, "Trust Agreements"), made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

Under the Labor Contract, Trust Agreements, rules and regulations of the Funds, and ERISA law, Defendant agreed to: (1) make full and timely payment on a monthly basis to the Funds; (2) file timely remittance reports with the Funds detailing all employees or work for which contributions were required for each Fund under the Labor Contract; (3) produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit; and (4) pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees,

expended by the Funds to collect any amounts due as a consequence of the failure to comply with the other contractual and statutory obligations.

Defendant failed to pay timely these contributions due and owing to the Funds on behalf of its employees for work covered by the Labor Contract performed at Defendant's request for the period of October 2009 through February 2010. Defendant has also failed to pay liquidated damages and interest for its failure to make timely payments to the Funds for the same months.

On April 26, 2010, Plaintiffs filed their Complaint in this action. (Dkt. No. 1.) In their Complaint, Plaintiffs claim that Defendant violated ERISA, 29 U.S.C. § 1145, and breached the Labor Contract and incorporated documents by failing to remit payments and provide the necessary reports and documentation. Plaintiffs request that judgment be entered against Defendant for $7,213.27, which is the total amount that Defendant failed to remit to Plaintiffs, as detailed in Exhibit 2 of the Complaint, plus interest, liquidated damages, and attorneys' fees and costs. On May 19, 2010, a process server served the Summons and Complaint on an officer of Defendant Cooper Harper.

Defendant has not responded to the Complaint. Federal Rule of Civil Procedure 55 allows this Court to grant a motion for default judgment where a party has failed to plead or defend against a claim. Fed. R. Civ. P. 55. On June 10, 2010, Plaintiffs filed a Request

for Entry of Default with the Clerk's Office. (Dkt. No. 5.) The Clerk entered default on June 14, 2010. (Dkt. No. 7.)

On June 18, 2010, Plaintiffs filed a Motion for Default Judgment. (Dkt. No. 8.) A hearing on Plaintiffs' Motion for Default Judgment was held on July 9, 2010. (Dkt. No. 11.) Defendant failed to appear at the hearing.

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. Fed. R. Civ. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within fourteen (14) days of being served with a copy of the order. *Id*. The district judge to whom a case is assigned should make a *de novo* determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition to which a party has made a specific written objection. *Id*.

In his Report and Recommendation, Magistrate Judge Jones makes the following proposed findings. First, Magistrate Judge Jones finds that Plaintiffs have established that, as of April 13, 2010, Defendant failed to make payments as required under ERISA, the Labor Contract, and the incorporated documents. Accordingly, Plaintiffs are entitled to recover (1) the full amount of unpaid contributions, totaling $5,893.20; (2) liquidated damages, totaling $1,178.58; and (3) interest at the contracted rate of 8.5% on contributions that

were paid late or remain unpaid, totaling $141.49. In addition, Magistrate Judge Jones also finds that Defendant owes $3,268.78 in legal fees and costs, based on the work of three attorneys and two paralegals in preparing the Complaint, reviewing documentation and dockets, preparing the request to enter default and the declarations in support thereof, participating in relevant phone conferences, and drafting motions. Finally, Magistrate Judge Jones finds that Plaintiffs are entitled to equitable relief, requiring Defendant to file complete, proper, and timely remittance reports with accompanying contributions for all periods to date.

Based on these proposed findings, Magistrate Judge Jones recommends that a default judgment be entered in favor of Plaintiff and against Defendant Cooper Harper in a total amount of $10,482.05, broken up as follows: (1) $5,893.20 in delinquent contributions; (2) $1,178.58 in liquidated damages; (3) $141.49 in accrued interest; (4) $2,595.00 in attorneys' fees; and (5) $673.78 in costs. In addition, Magistrate Judge Jones recommends that Defendant be required to submit complete and accurate remittance reports along with timely payment.

Neither party filed objections within fourteen (14) days after being served with the Magistrate Judge's recommendation. Therefore, the Court adopts Magistrate Judge Jones' Report and Recommendation *in toto*. Accordingly, it is hereby

ORDERED that default judgment is GRANTED in favor of Plaintiffs Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, *et al.* and against Defendant Cooper Harper, Inc. - Mechanical Contractor in a total amount of $10,482.05, broken up as follows: (1) $5,893.20 in delinquent contributions; (2) $1,178.58 in liquidated damages; (3) $141.49 in accrued interest; (4) $2,595.00 in attorneys' fees; and (5) $673.78 in costs. It is further

ORDERED that Defendant is required to submit complete and accurate remittance reports along with timely payment.

The Clerk is directed to enter judgment in favor of Plaintiffs Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, *et al.* and against Defendant Cooper Harper, Inc. - Mechanical Contractor pursuant to Federal Rule of Civil Procedure 58. A separate Rule 58 Judgment ORDER will be entered with the Memorandum Order.

Entered this 2nd day of March, 2011.

Alexandria, Virginia
3/2/2011

/s/
Gerald Bruce Lee
United States District Judge